**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**LITVINOV LAW PLLC**
Aleksandr Litvinov (State Bar No. 95598)
(*pro hac vice*)
PO Box 17004
Louisville, KY 40217
Phone: 502-882-0888
E-Mail: sasha@litvinovlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MAYELI HO and KATIE FELIX and ERIN CARTER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

VUORI, INC., a California corporation,

Defendant.

CASE NO. 3:26-cv-0123-GPC-DEB

**FIRST AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**NATIONWIDE RELIEF SOUGHT**

1) Violation of The Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b), And 255(a)
2) Violation of California Labor Code §§ 200, 1197, 1194, 1194.2 (Failure To Properly Pay Wages)
3) Violation of California Labor Code §§201, 202, And 203 (Failure To Pay

Wages Due And Waiting Time Penalties)

4) Violation of California Labor Code § 226 (Failure To Provide Accurate Wage Stubs)

5) Violation of California Business And Professions Code § 17200 ("UCL")

6) Violation of California Labor Code § 226.7 (Failure To Properly Pay Missed Meal/Rest Period Premiums

7) Violation of California Labor Code § 246 (Failure To Properly Pay Paid Sick Leave)

Plaintiffs Mayeli Ho, Katie Felix, and Erin Carter ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this putative class and collective action against Defendant Vuori, Inc. ("Vuori" or "Defendant"), for failure to comply with federal and state wage and hour laws, and allege as follows:

## NATURE OF THE CASE

1. Wage theft is pervasive and damaging and affects workers across the United States. It occurs when employers fail to pay employees the full wages they have earned, such as by requiring off-the-clock work, denying or miscalculating overtime pay, or misclassifying employees. Wage theft robs workers and their families of critical income needed for basic necessities and deprives the government of tax revenue. Wage theft also forces law-abiding businesses to unfairly compete against those that cheat. Ultimately, wage theft erodes worker protections, perpetuates economic inequality, and undermines the principles of a fair and equitable labor market. Addressing this widespread abuse is essential for upholding the rights and dignity of workers nationwide.

2. Defendant Vuori is a privately held American apparel company that designs and sells premium performance and athleisure clothing. Over the last decade Defendant has grown from a 2015 startup to a multibillion-dollar athleisure brand.

3. Between August 2021 and December 2025, Defendant employed Plaintiffs as sales associates, inventory lead, and sales floor lead. At all relevant times, Defendant compensated Plaintiffs by paying an hourly rate plus a percentage of a pooled commission based on merchandise sales. However, during Plaintiffs' tenures, Defendant had a policy and practice of miscalculating the "regular rate of pay" for its sales associates and leads.

4. Specifically, Defendant failed to include the commissions and bonuses when calculating "regular rate of pay." Instead, Defendant incorrectly used Plaintiffs' straight time hourly rate in place of their "regular rate of pay," and did not

account for commissions and bonuses, or otherwise miscalculated their "regular rates" to their detriment.

5. Defendant's policy and practice resulted in unlawful underpayment of wages to Vuori's California employees in each pay period during which they earned a commission/bonus and either: (a) were owed overtime pay; (b) were owed a premium for a missed meal or rest period; and/or (c) were owed paid sick leave.

6. Defendant's policy and practice also resulted in unlawful underpayment of wages to Vuori employees nationwide in each pay period during which they earned a commission/bonus and were owed overtime pay.

7. Defendant's conduct violates the Fail Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), and 255(a), California Labor Code §§ 200, 1197, 1194, 1194.2 (Failure To Properly Pay Wages), California Labor Code §§201, 202, And 203 (Failure To Pay Wages Due And Waiting Time Penalties), California Labor Code § 226.7 (Failure to Properly Pay Missed Meal/Rest Period Premiums), California Labor Code § 246 (Failure to Properly Pay Paid Sick Leave), California Labor Code § 226 (Failure To Provide Accurate Wage Stubs), and California Business And Professions Code § 17200 ("UCL").

8. Plaintiffs bring this action to recover wages for miscalculated overtime pay, missed meal/rest period premiums, and paid sick leave; liquidated damages; attorney fees and costs; pre-judgment interest; and statutory penalties. Plaintiffs Felix and Carter asserts their FLSA claims as a collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiffs assert their California state claims as a class action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23.

## PARTIES

9. At all relevant times, Plaintiff Ho was a citizen of the United States and a resident of San Diego, California. Defendant employed Plaintiff Ho from approximately August 2021 to September 2022 as a non-exempt Sales Associate at

one of its California locations at 12843 El Camino Real, Suite 101, San Diego, California 92130.

10. At all relevant times, Plaintiff Felix was a citizen of the United States and a resident of El Cajon, California. Defendant employed Plaintiff Felix from approximately May 2023 to May 2025 as a non-exempt Sales Associate, Inventory Lead, and Sales Floor Lead at one of its California locations at 7007 Friars Road, Suite 843, San Diego, California 92108.

11. At all relevant times, Plaintiff Carter was a citizen of the United States and a resident of San Diego, California. Defendant employed Plaintiff Carter from approximately April 2023 to December 2025 as a non-exempt Sales Associate at its California locations in Del Mar and Fashion Valley.

12. Defendant Vuori, Inc. is a California corporation which conducts business within this judicial district. Defendant is a privately held American apparel company that designs and sells premium performance and athleisure clothing. Defendant's principal office is located at 5600 Avenida Encinas, Ste 100, Carlsbad, California 92008. Defendant is incorporated under the laws of Delaware.

13. During the relevant time period, Defendant operated stores in the following states: Arizona, California, Colorado, Connecticut, District of Columbia (Washington, DC), Florida, Georgia, Illinois, Indiana, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, and Washington. Defendant also operated international locations in the United Kingdom, China, and South Korea, among others. Defendant's gross sales meet the jurisdictional minimum of the FLSA and its business involves products that move through interstate commerce.

**JURISDICTION AND VENUE**

14. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), 28 USC §§ 1331, and 1337.

15. This Court has personal jurisdiction over Defendant because its principal place of business is in California and all events giving rise to this action occurred in California, including Defendant's unlawful conduct.

16. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 USC § 1367 because the state law claims arise out of the same set of operative facts as Plaintiffs' FLSA claims. Specifically, the FLSA and California state law claims concern Defendant's practice and policy of miscalculating employees' "regular rate of pay" and thereby underpaying the overtime, missed meal/rest premium, and sick paid leave rates owed to Plaintiffs and other similarly situated individuals for all such hours during their tenure. Plaintiffs' state law claims are so related to the FLSA claim as to form part of the same case or controversy and would be expected to be tried in a single judicial proceeding with the FLSA claims.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in San Diego County, California, conducts business throughout this District, and all or a substantial part of the events and omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

18. Plaintiffs have at all relevant times been "employees" within the meaning of the FLSA and California wage and hour laws.

19. Defendant has at all relevant times been an "employer" within the meaning of the FLSA and California wage and hour laws.

20. At all relevant times, Defendant had and continues to have a non-discretionary commission/bonus policy. Specifically, sales associates, leads, and assistant store managers split a daily pool of 2% of their store's Daily Net Sales, divided proportionally based on each person's Qualifying Hours Worked. The commissions are calculated daily and Vuori issues one bonus payment each pay period. While Vuori reserves the right to amend, suspend, terminate, or otherwise

modify the bonus plan, the bonus payments were and continue to be non-discretionary and purely formula driven while the plan is in place.

21. Defendant employed Plaintiff Ho from approximately August 2021 to September 2022 as a non-exempt Sales Associate at one of its California locations at 12843 El Camino Real, Suite 101, San Diego, California 92130.

22. Defendant compensated Plaintiff Ho by paying her an hourly rate plus commissions and bonuses based on merchandise sales. For example, when Plaintiff Ho first started working full time for Defendant in November 2021, she recalls earning $15 per hour plus 2% pooled team commission based on merchandise sales. The additional commissions and bonuses could range anywhere from $3-$5 additional dollars per hour when calculated on an hourly basis.

23. During her tenure, Plaintiff Ho recalls working at least one week during which she worked over 40 hours, and at least one day during which she worked over 8 hours, while also being "non-exempt" from overtime requirements. For example, Plaintiff Ho recalls several occasions during the spring and summer of 2022 where she worked between 9 and 10 hours per day in one workweek, and over 40 hours total in another workweek.

24. On such occasions, Defendant calculated Plaintiff Ho's overtime pay rate using only her flat hourly rate. In other words, Defendant did not incorporate Plaintiff Ho's commissions and bonuses on an hourly basis into her standard hourly rate before calculating her "regular rate of pay," which it then used to miscalculate her overtime rate.

25. This resulted in Defendant's underpayment of Plaintiff Ho's wages.

26. Plaintiff Ho's commissions did not constitute more than half of her earnings over any representative period. Plaintiff Ho's earnings were primarily based on her standard hourly rate.

27. Defendant employed Plaintiff Felix from approximately May 2023 to May 2025 as a non-exempt Sales Associate, Inventory Lead, and Sales Floor Lead

at one of its California locations at 7007 Friars Road, Suite 843, San Diego, California 92108.

28. Defendant compensated Plaintiff Felix by paying her an hourly rate plus commissions and bonuses based on merchandise sales. For example, when Plaintiff Felix first started working for Defendant in 2023, she recalls earning approximately $17 per hour plus commissions and bonuses based on merchandise sales. The additional commissions and bonuses could range anywhere from $3-$5 additional dollars per hour when calculated on an hourly basis. By 2025, Plaintiff Felix was earning $20 per hour plus similar commissions and bonuses.

29. During her tenure, Plaintiff Felix recalls working at least one week during which she worked over 40 hours, and at least one day during which she worked over 8 hours, while also being "non-exempt" from overtime requirements. For example, Plaintiff Felix recalls working over 40 hours per week at least one week out of each month between May and December 2023, with more overtime during holiday seasons.

30. On such occasions, Defendant calculated Plaintiff Felix's overtime pay rate using only her flat hourly rate. In other words, Defendant did not incorporate Plaintiff Felix's commissions and bonuses on an hourly basis into her standard hourly rate before calculating her "regular rate of pay," which it then used to miscalculate her overtime rate.

31. This resulted in Defendant's underpayment of Plaintiff Felix's wages.

32. Plaintiff Felix's commissions did not constitute more than half of her earnings over any representative period. Plaintiff Felix's earnings were primarily based on her standard hourly rate.

33. Defendant employed Plaintiff Carter from approximately April 2023 to December 2025 as a non-exempt Sales Associate at its California locations in Del Mar and Fashion Valley.

34. Defendant compensated Plaintiff Carter by paying her an hourly rate plus commissions and bonuses based on merchandise sales. For example, when Plaintiff Carter first started working for Defendant in April 2023, she earned approximately $16.30 per hour as her flat hourly rate, plus a 2% pooled team commission based on merchandise sales. The additional commissions and bonuses could range anywhere from $3-$8 (or higher) additional dollars per hour when calculated on an hourly basis.

35. During her tenure, Plaintiff Carter recalls working at least one week during which she worked over 40 hours, and at least one day during which she worked over 8 hours, while also being "non-exempt" from overtime requirements.

36. Plaintiff Carter routinely worked overtime during her employment between 2023 to 2025. Plaintiff Carter's paycheck stubs from 2023 reflect overtime hours worked starting in April 2023 and continuing at least through November 2023. Plaintiff Carter's paycheck stubs from 2025 likewise reflect overtime hours worked.

37. Plaintiffs' duties resembled those of a typical inside sales associate at an apparel store including, but not limited to: customer interaction (greeting shoppers, answering questions about fit, fabric, and sizing, etc.); sales and checkout (processing transactions, handling returns and exchanges, applying discounts, etc.); floor maintenance (fitting room assistance, restocking shelves and racks, refolding and reorganizing displays, keeping the store tidy, and ensuring merchandising standards are met); and inventory tasks (receiving shipments, tagging merchandise, conducting stock counts, etc.).

38. Plaintiffs completed their duties at Defendant's place of business, working primarily on the sales floor of two of Defendant's brick-and-mortar apparel stores.

39. Defendant utilized a system which recorded the hours Plaintiffs worked. Defendant has records of Plaintiffs' hours and the compensation Defendant paid for such hours.

40. Defendant's failure to add or calculate commissions and bonuses in the regular rate of pay before calculating Plaintiffs' overtime rate resulted in Defendant paying Plaintiffs a lower rate than that to which they were entitled for overtime hours, missed meal/rest period premiums, and paid sick leave.

41. For the same reason, Defendant failed to accurately record the proper rates of pay on Plaintiffs' paystubs and pay records for overtime hours, missed meal/rest period premiums, and paid sick leave.

42. Other similarly situated individuals were, and continue to be, employed by Defendant as non-exempt employees whose compensation is comprised of commissions and bonuses in addition to an hourly rate. At all material times, Defendant calculated the overtime rate for such similarly situated individuals by utilizing only their hourly rate and not incorporating their commissions and bonuses into the regular rate first (or otherwise miscalculating their regular rate to their detriment). Accordingly, each week such similarly situated individuals worked over 40 hours, and each day such similarly situated individuals worked over 8 hours, Defendant failed to pay the appropriate overtime rate for such hours. Due to the nature of Defendant's business, a significant portion of similarly situated individuals worked at least one hour of overtime during the relevant time period.

43. Moreover, other similarly situated individuals were, and continue to be, employed by Defendant as non-exempt employees in California whose compensation is comprised of commissions and bonuses in addition to an hourly rate. At all material times, Defendant calculated the missed meal/rest period premium and paid sick leave rates for such similarly situated individuals by utilizing only their straight hourly rate and not incorporating their commissions and bonuses into the regular rate first (or otherwise miscalculating their regular rate to their

detriment). Accordingly, each week such similarly situated individuals were entitled to a missed meal/rest period premium or paid sick leave, Defendant failed to pay the appropriate rates for such hours.

44. No bona fide exemptions apply to the work Plaintiffs and similarly situated individuals performed for Defendant.

45. Defendant's conduct as alleged herein with respect to Plaintiffs and similarly situated individuals was knowing and willful.

46. On or around March 9, 2021, a former California Vuori employee filed a class action against Vuori in San Diego Superior Court styled *Nichols v. Vuori, Inc.*, Case No. 37-2021-10367-CU-OE-CTL on behalf of himself and all non-exempt California employees of Vuori going back four years. The core theory of that lawsuit was that Vuori systematically cut labor costs by violating California wage-and-hour law.

47. The complaint pleaded eight causes of action: (1) Failure to pay minimum and regular wages, including not paying for work performed during on-duty lunch breaks (Labor Code §§ 1194, 1197, 1198); (2) Failure to pay overtime, the central allegation in this case, *i.e.*, that Vuori did not incorporate non-discretionary team commissions into the "regular rate," so overtime was calculated on too low a base (§§ 510, 1198); (3) Failure to provide meal periods in that understaffing forced employees to skip or work through legally required 30-minute meal breaks with no premium pay (§§ 226.7, 512); (4) Failure to authorize/permit rest periods because employees could not take 10-minute rest breaks (§ 226.7); (5) Failure to reimburse business expenses by requiring employees to use personal cell phones, computers, and internet for work without reimbursement (§ 2802); (6) Inaccurate itemized wage statements which omitted or misstated required items like accurate hourly rates (§ 226); (7) Failure to timely pay wages at separation, *i.e.*, waiting-time penalties for not paying all wages owed upon termination (§§ 201, 202, 203); and (8) Unfair business practices (UCL, Bus. & Prof. Code § 17200).

48. The parties reached a class settlement after informal discovery and mediation that purported to release class wage and hour claims from March 9, 2017 through August 11, 2021 for all Vuori California employees.

49. Then, in March 2023 another California Vuori employee filed an action very similar to the instant action in the Northern District of California styled *Buchanan v. Vuori, Inc.*, Case No. 5:23-cv-1121-NC. After the *Buchanan* Court denied preliminary approval of the parties' settlement, the plaintiff dismissed the action without prejudice as to the putative class in February 2026.

50. In short, this action is not the first time the claims at issue have been asserted against Vuori, making Vuori's conduct knowing and willful.

## **COLLECTIVE ACTION ALLEGATIONS**

51. Plaintiffs Felix and Carter assert their FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All current and former non-exempt, hourly workers employed by Defendant in the United States at any time between three years prior to the filing of this lawsuit (*i.e.*, January 9, 2023) and the present (the "Collective Class Period") who earned commissions and/or bonuses and worked overtime during at least one pay period in the Collective Class Period (the "Collective Class").

52. Plaintiffs' FLSA claim should proceed as a collective action because Plaintiffs and the Collective Class, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law. Plaintiffs Felix and Carter and the Collective Class had substantially similar job requirements and pay provisions, were subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules – all culminating in a willful failure and refusal to pay Plaintiffs Felix and Carter and the Collective Class their proper overtime wages due to Defendant's failure to pay overtime compensation as mandated by law.

53. The claims for relief, which include unpaid wages, overtime compensation, liquidated damages, attorney fees, and costs, are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The Collective Class is readily ascertainable from records Defendant is required by law to maintain. For purposes of notice and other purposes related to this action, the names and addresses of the Collective Class are readily available from Defendant. Notice can be provided to the Collective Class via first class mail to the last address known to Defendant, or to the last telephone number or email address known to Defendant.

54. Plaintiffs Felix and Carter have first-hand knowledge that other similarly situated former employees held the same type of positions, had the same primary job duties and/or responsibilities, and were subjected to the same pay practices, policies, and procedures resulting in overtime underpayments by Defendant. Plaintiffs Felix and Carter request that this Court authorize notice to be circulated to all similarly situated persons informing them of this action and their right to opt-in under 29 U.S.C. § 216(b).

55. Although the exact amount of damages may vary among the Collective Class in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

56. Plaintiffs Felix's and Carter's written consent to this action is attached hereto as Exhibits A and B. Additional written consents to join this action will be filed pursuant to 29 U.S.C. § 216(b) as and when executed by other individual plaintiffs.

## CLASS ACTION ALLEGATIONS

57. Plaintiffs bring this action on their own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following classes of individuals:

> California Class: All current and former non-exempt, hourly workers employed by Defendant in California at

any time between August 12, 2021 and the present (the "Rule 23 Class Period") who earned commissions and/or bonuses and during at least one pay period in the Rule 23 Class Period either: (a) worked overtime; (b) missed a meal/rest period or were entitled to a missed meal/rest period premium; or (c) were owed paid sick leave (the "California Class").

Former Employee Subclass: All members of the California Class who no longer work for Vuori. (the "Former Employee Subclass").

58. Subject to additional information obtained through further investigation and discovery, the foregoing class definitions may be expanded or narrowed by amendment, in the motion for class certification, or at any other time before final judgment.

59. Plaintiffs are members of the California Class and the Former Employee Subclass (collectively, the "Rule 23 Classes") they seek to represent.

60. The members of the Rule 23 Classes are readily ascertainable because their names and addresses are readily available from Defendant. The hours worked, the positions held, and the rates and amounts of compensation for each member of the Rule 23 Classes may also be determined from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses and telephone numbers are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

61. ***Numerosity.*** Defendant has employed thousands of individuals utilizing its hourly plus commission compensation since August 12, 2021. Thus, the Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1). Disposition of claims as a class will benefit the parties and the Court.

62. ***Commonality and Predominance.*** Plaintiffs and the members of the Rule 23 Classes share the same pivotal questions of law and fact, satisfying Fed. R.

Civ. P. 23(a)(2). Plaintiffs and the members of the Rule 23 Classes they seek to represent were and are subject to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules – all culminating in a willful failure and refusal to pay Plaintiffs and similarly situated individuals their proper overtime wages due to Defendant's failure to properly calculate regular and overtime rates as mandated by law. As a result, the Rule 23 Classes share several factual and legal questions, including, for example: (1) whether Defendant miscalculated regular and overtime rates, paid sick leave rates, and missed meal/break period premiums; (2) whether the members of the Rule 23 Classes are non-exempt under the FLSA and applicable California law; (3) whether Defendant failed to pay overtime compensation to the Rule 23 Classes in violation of the FLSA and applicable California law, and failed to pay full wages within 72 hours of termination of employment for the Former Employee Subclass; (4) whether Defendant violated the FLSA and applicable California law intentionally and willfully; (5) whether Defendant's conduct amounts to an unlawful, unfair, or fraudulent business act or practice; and (6) what amount of monetary relief will compensate Plaintiffs and members of the Rule 23 Classes for Defendant's violations. Defendant's company-wide policies and practices affected all members of the Rule 23 Classes similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs and other members of the Rule 23 Classes sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures of Defendant.

63. ***Typicality.*** Plaintiffs' claims are typical of the claims of the Rule 23 Classes, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the FLSA and applicable California state law is not the result of any plaintiff-specific circumstances. Rather, it arises from Defendant's common pay policies and practices, which Defendant applied generally to the entire population of the

proposed Rule 23 Classes, including Plaintiffs. Thus, in advancing their own claims, Plaintiffs will also be advancing the claims of the Rule 23 Classes.

64. ***Adequacy.*** Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Classes, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiffs' interests are shared with the Rule 23 Classes and Plaintiffs have no interests that conflict with those of the Rule 23 Classes. Furthermore, Plaintiffs have retained competent counsel experienced in wage and hour litigation under the FLSA and related state laws, as well as representing classes of similarly situated individuals against businesses. Plaintiffs have no past or present financial, employment, familial, or other relationship with any of the attorneys in this case that would create a conflict of interest with the proposed class members.

65. ***Superiority.*** By failing to pay wages properly to the Rule 23 Classes, Defendant's pay practices and policies have created a scenario where questions of law and fact common to the Rule 23 Classes predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the class would create a risk of inconsistent and/or varying

adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court is empowered to fashion methods to efficiently manage this action as a class action.

66. Further, this case is well-suited for class action treatment because the burden is on Defendant to prove it properly compensated its employees, including whether any potential exemptions might apply.

67. Unfortunately Defendant and other employers throughout California and the U.S. frequently violate the FLSA and applicable state wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Workers reluctantly waive their rights to wage claims by remaining silent in an alarming number of cases as a result of these very real risks. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

68. Accordingly, Plaintiffs are entitled to pursue their claims as a class action pursuant to Fed. R. Civ. P. 23(b)(3).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b), and 255(a)**

*(On Behalf of Plaintiffs Felix and Carter and the Collective Class)*

69. Plaintiffs Felix and Carter re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

70. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(d).

71. At all relevant times, Plaintiffs Felix and Carter and members of the Collective Class were "employees" within the meaning of 29 U.S.C. § 203(e).

72. At all relevant times, Defendant's annual gross volume of sales exceeded $500,000.

73. The FLSA requires employers to compensate non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a)(1).

74. Under the FLSA, an employee's regular rate of pay must include all remuneration for employment, including commissions and non-discretionary bonuses. 29 U.S.C. § 207(e); 29 C.F.R. § 778.110.

75. Defendant violated the FLSA by failing to include commissions and bonuses when calculating the regular rate of pay for Plaintiffs Felix and Carter and members of the Collective Class, or otherwise miscalculating their "regular rate" to their detriment, resulting in underpayment of overtime wages.

76. No exemptions to the overtime requirements of the FLSA apply to Plaintiff Felix or members of the Collective Class.

77. Defendant's violations of the FLSA were willful. Defendant knew or showed reckless disregard for whether its conduct violated the FLSA.

78. As a result of Defendant's willful violations, the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

79. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs Felix and Carter and members of the Collective Class have suffered and continue to suffer damages, including loss of unpaid overtime compensation and other wages.

80. Pursuant to 29 U.S.C. § 216(b), Plaintiff Felix and members of the Collective Class are entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, reasonable attorneys' fees, and costs.

**<u>SECOND CAUSE OF ACTION</u>**

**Violation of California Labor Code §§ 200, 1197, 1194, 1194.2 (Failure to Properly Pay Wages)**

*(On Behalf of Plaintiffs and the California Class)*

81. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

82. California Labor Code § 200 defines "wages" as all amounts for labor performed by employees, including commissions.

83. California Labor Code § 1197 makes it unlawful to pay employees less than the minimum wage fixed by the Industrial Welfare Commission or statute.

84. California Labor Code § 1194 provides that any employee receiving less than the legal minimum wage or overtime compensation is entitled to recover the unpaid balance, interest, reasonable attorneys' fees, and costs of suit.

85. California Labor Code § 1194.2 provides that an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

86. Under California law, including Industrial Welfare Commission Wage Order No. 7-2001, the "regular rate of pay" used to calculate overtime must include all remuneration paid to the employee, including commissions and non-discretionary bonuses.

87. California law requires employers to pay non-exempt employees one and one-half times the regular rate of pay for hours worked in excess of eight (8) hours in a workday or forty (40) hours in a workweek, and double time for hours worked in excess of twelve (12) hours in a workday.

88. Defendant violated California Labor Code §§ 200, 1197, 1194, and 1194.2 by failing to include commissions and bonuses when calculating the regular rate of pay (or otherwise miscalculating their regular rate to their detriment) for Plaintiffs and members of the California Class, resulting in underpayment of overtime wages, missed meal/rest period premiums, and paid sick leave.

89. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and members of the California Class have been damaged in amounts to be proven at trial.

90. Pursuant to California Labor Code §§ 1194 and 1194.2, Plaintiffs and members of the California Class are entitled to recover unpaid wages, liquidated damages and/or interest, reasonable attorneys' fees, and costs of suit.

## THIRD CAUSE OF ACTION

**Violation of California Labor Code §§ 201, 202, and 203 (Failure to Pay Wages Due and Waiting Time Penalties)**

*(On Behalf of Plaintiffs and the Former Employee Subclass)*

91. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92. California Labor Code § 201 requires that an employer pay an employee who is discharged all wages due immediately upon discharge.

93. California Labor Code § 202 requires that an employer pay an employee who resigns all wages due within seventy-two (72) hours, unless the employee has given seventy-two (72) hours prior notice of intention to quit, in which case wages are due at the time of quitting.

94. California Labor Code § 203 provides that if an employer willfully fails to pay wages due upon termination, the employee's wages shall continue as a penalty from the due date at the same rate until paid or until an action is commenced, but not exceeding thirty (30) days.

95. Defendant willfully failed to pay Plaintiffs and members of the Former Employee Subclass all wages due at the time of termination by failing to pay the correct overtime, missed meal/rest period premium, and paid sick leave compensation owed.

96. As a direct and proximate result of Defendant's willful failure to pay wages due upon termination, Plaintiffs and members of the Former Employee Subclass are entitled to waiting time penalties pursuant to California Labor Code § 203.

## FOURTH CAUSE OF ACTION

**Violation of California Labor Code § 226 (Failure to Provide Accurate Wage Stubs)**

*(On Behalf of Plaintiffs and the California Class)*

97. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

98. California Labor Code § 226(a) requires that an employer furnish each employee with an accurate itemized wage statement in writing showing, among other things: (1) gross wages earned; (2) total hours worked; (3) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and (9) all deductions.

99. Defendant violated California Labor Code § 226(a) by failing to provide Plaintiffs and members of the California Class with accurate itemized wage statements that reflected the correct overtime rate of pay.

100. Defendant's wage statements failed to accurately state the applicable hourly rates, including the correct overtime rate, paid sick leave rate, missed meal/rest period premium rates, and the gross wages earned by Plaintiffs and members of the California Class.

101. Plaintiffs and members of the California Class suffered injury as a result of Defendant's knowing and intentional failure to comply with California

Labor Code § 226(a) because they were unable to promptly and easily determine from the wage statements alone whether they were properly compensated.

102. Pursuant to California Labor Code § 226(e), Plaintiffs and members of the California Class are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee, and an award of costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of California Business and Professions Code § 17200 ("UCL")**

*(On Behalf of Plaintiffs and the California Class)*

103. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

104. California Business and Professions Code § 17200 prohibits unfair competition, including any unlawful, unfair, or fraudulent business act or practice.

105. Defendant's conduct as alleged herein constitutes unlawful business acts and practices in violation of the UCL because Defendant violated the FLSA, California Labor Code §§ 200, 510, 1194, 1197, 1194.2, 201, 202, 203, 226, 226.7, and 246, and the applicable Industrial Welfare Commission Wage Orders.

106. Defendant's conduct as alleged herein also constitutes unfair business acts and practices in violation of the UCL because the harm caused by Defendant's failure to properly calculate regular rates of pay, thereby underpaying overtime, missed meal/rest period premiums, and paid sick leave, substantially outweighs any utility of such conduct.

107. As a result of Defendant's unlawful and unfair business practices, Plaintiffs and members of the California Class have suffered injury in fact and lost money or property in the form of unpaid wages.

108. Pursuant to California Business and Professions Code § 17203, Plaintiffs and members of the California Class seek restitution of all money acquired by means of Defendant's unlawful and unfair business practices, as well as injunctive relief to enjoin Defendant from continuing its unlawful practices.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §226.7 (Failure to Properly Pay Missed Meal/Rest Period Premiums)**

*(On Behalf of Plaintiffs and the California Class)*

109. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

110. California Labor Code § 226.7(c) requires employers to pay employees one additional hour of pay at the employee's "regular rate" for each workday where the employee missed a meal or rest period.

111. Under California law, including Industrial Welfare Commission Wage Order No. 7-2001, the "regular rate of pay" used to calculate overtime must include all remuneration paid to the employee, including commissions and non-discretionary bonuses.

112. Defendant violated California Labor Code §226.7 by failing to include commissions and bonuses when calculating the regular rate of pay for Plaintiffs (or otherwise miscalculating their regular rate to their detriment) and members of the California Class, resulting in underpayment of missed meal/rest period premiums.

113. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and members of the California Class have been damaged in amounts to be proven at trial.

114. Plaintiffs and members of the California Class are entitled to recover unpaid wages, liquidated damages and/or interest, reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

**Violation of California Labor Code § 246 (Failure to Properly Pay Paid Sick Leave)**

*(On Behalf of Plaintiffs and the California Class)*

115. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

116. California Labor Code § 246(l)(1) requires employers to calculate paid sick leave in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

117. Under California law, including Industrial Welfare Commission Wage Order No. 7-2001, the "regular rate of pay" used to calculate overtime must include all remuneration paid to the employee, including commissions and non-discretionary bonuses.

118. Defendant violated California Labor Code §246 by failing to include commissions and bonuses when calculating the regular rate of pay for Plaintiffs and members of the California Class, resulting in underpayment of paid sick leave.

119. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and members of the California Class have been damaged in amounts to be proven at trial.

120. Plaintiffs and members of the California Class are entitled to recover unpaid wages, liquidated damages and/or interest, reasonable attorneys' fees, and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the proposed classes, pray for judgment against Defendant as follows:

**On the First Cause of Action (FLSA Violations):**

a. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiffs Felix and Carter as representatives of the Collective Class;

c. Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all potential members of the Collective Class;

d. A judgment declaring that Defendant violated the FLSA;

e. An award of unpaid overtime compensation to Plaintiffs Felix and Carter and all members of the Collective Class;

f. An award of liquidated damages in an amount equal to the unpaid overtime compensation;

g. An award of pre-judgment and post-judgment interest;

h. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

**On the Second, Third, Fourth, Sixth, and Seventh Causes of Action (California Labor Code Violations):**

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

b. Designation of Plaintiffs as representatives of the Rule 23 Classes;

c. Designation of Plaintiffs' counsel as Class Counsel;

d. A judgment declaring that Defendant violated the California Labor Code;

e. An award of unpaid wages, including overtime compensation, missed meal/rest period premiums, and paid sick leave compensation to Plaintiffs and all members of the California Class;

f. An award of liquidated damages pursuant to California Labor Code § 1194.2;

g. An award of waiting time penalties pursuant to California Labor Code § 203 to Plaintiffs and all members of the Former Employee Subclass;

h. An award of statutory penalties pursuant to California Labor Code § 226(e) to Plaintiffs and all members of the California Class;

i. An award of pre-judgment and post-judgment interest;

j. An award of reasonable attorneys' fees and costs pursuant to California Labor Code §§ 226(e) and 1194;

**On the Fifth Cause of Action (UCL Violations):**

a. An order declaring that Defendant's conduct constitutes unlawful and unfair business practices under California Business and Professions Code § 17200;

b. An order requiring Defendant to make restitution to Plaintiffs and all members of the California Class;

c. An order enjoining Defendant from continuing its unlawful business practices;

d. An award of reasonable attorneys' fees and costs; and

**On All Causes of Action:**

a. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

121. Plaintiffs, on behalf of themselves and the proposed Classes, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: June 12, 2026

Respectfully submitted,

**SMITH KRIVOSHEY, PC**

By: */s/ Yeremey O. Krivoshey*
Yeremey O. Krivoshey

Yeremey O. Krivoshey (State Bar No.

295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

**LITVINOV LAW PLLC**
Aleksandr "Sasha" Litvinov (State Bar No. 95598) (*pro hac vice*)
PO Box 17004
Louisville, KY 40217
Phone: 502-882-0888
E-mail: sasha@litvinovlaw.com

*Attorneys for Plaintiffs and the Putative Classes*